UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

RICK HULSEY, )
 )
    Plaintiff, )
 ) No.: 4:18-CV-57-CLC-SKL
v. )
 )
FRANKLIN COUNTY JAIL, TIM )
FULLER, SCOTTY MCKAY, )
 )
    Defendants. )

## **MEMORANDUM OPINION**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court after assessing Plaintiff with the filing fee [Doc. 5]. For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I.    SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.  ALLEGATIONS OF THE COMPLAINT

Plaintiff states that the Franklin County Jail is designed to hold a maximum of one hundred fourteen inmates, but it has held over two hundred inmates during 2018, with four to five inmates in a two-man cell [Doc. 1 p. 5]. Accordingly, jail officials are "stretching the food to feed all inmates" resulting in inmates getting less food [*id.*]. Also, the food warmers do not work well, so inmates receive cold food [*id.*]. Further, medical staff is only on duty from 5:30 a.m. to 5:30 p.m. [*id.*]. Mail is also searched and read, but stamped as "not responsible for conten[ts]," and the jail charges fifty cents for forty-seven cent stamps [*id.*]. As relief, Plaintiff requests that the jail be required to "give all inmates two for one worker rec[e]ive 3 for 1 for days worked [sic]," provide better food service, allow all inmates to receive "2 for 1 days retroactive," bring the jail population down to a reasonable number, and stop reading mail [*id.* at 6].

## III.  ANALYSIS

None of Plaintiff's allegations allow the Court to plausibly infer that any Defendant has violated Plaintiff's constitutional rights. Specifically, Plaintiff sets forth no allegations from which the Court can plausibly infer that the overcrowding, limited availability of medical staff, or mail policies regarding searching, reading, and stamping outgoing mail as "not responsible for conten[ts]" have affected Plaintiff's constitutional rights in any way.

Further, none of Plaintiff's allegations with regard to food allow the Court to plausibly infer that Plaintiff has not received adequate nutrition. Thus, these allegations fail to state a claim upon which relief may be granted under § 1983. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated).

Lastly, Plaintiff's claim regarding the price of stamps likewise fails to state a claim upon which relief may be granted under § 1983, as "[c]ommissary pricing does not implicate constitutional concerns." *See Newell v. Ruth*, No. 1:11–CV–86, 2014 WL 4411045, at *9 (E.D. Tenn. Sept. 8, 2014) (collecting cases). In other words, Plaintiff does not have a constitutionally protected right to buy stamps at a certain price, as jails are not required to offer items for purchase at or near cost. *Moss v. Curry*, No. 4:09-CV-P33-M, 2009 WL 3334907, at *2 (W.D. Ky. Oct. 15, 2009) (quoting *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003)).

## IV. CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to all Defendants. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**